ANDRÉU, AGUILAR & CO., INC., Plaintiff and Appellee, *v.* RAMÓN RODRÍGUEZ, JR., and RAMÓN RODRÍGUEZ, Defendants and Appellants.

No. 3958. Argued December 17, 1926.—Decided April 26, 1927.

*Juan B. Soto* for the appellants.   *Manuel Cruz Horta* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Andréu, Aguilar & Co., a corporation organized under the laws of Porto Rico, sued Ramón Rodríguez, Jr., and Ramón Rodríguez in an action of debt. The complaint set up eight causes of action based on eight promissory notes for seventy-five dollars each.

The defendants demurred to the complaint for lack of sufficient facts to constitute a cause of action and for misjoinder of causes.

The transcript of the record filed for the purposes of the appeal does not show how the demurrer was ruled on, but it must have been overruled because nearly a month later the defendants answered. The answer contains a denial of all and each of the allegations of the complaint and sets up new matter as defense against the complaint.

The case went to trial and the plaintiff introduced as evidence only the eight promissory notes signed by the defendants. The defendants did not object to the admission of the promissory notes and called as their only witness Ramón Rodríguez, who testified that the promissory notes were the consideration for the sale of an automobile to defendant Ramón Rodríguez, Jr.; that the said defendant had failed to pay them, and that he, who was the other defendant and had signed them, intervened and came to an agreement with the plaintiff whereby the latter would take back the automobile and accept five promissory notes signed by the witness for thirty dollars each in exchange for the eight promissory notes; that the automobile was given back and received, but not the eight promissory notes. The defendants then introduced oral and documentary evidence against the novation of the original contract which gave rise to the eight promissory notes and defendant Rodríguez testified again and ratified his previous statements.

The case was thus submitted to the district court which decided against the defendants in a judgment based on a statement of the case and on an opinion containing a careful analysis of the evidence.

The defendants appealed therefrom and assigned only one error, namely, insufficiency of the complaint, and argue as follows:

"It appears from a mere reading of said complaint that the plaintiff alleges therein eight causes of action, that each of those causes of action is based on a promissory note in regard to which it is only alleged in the complaint 'that on the 26th of August, 1924, the defendants signed in favor of plaintiff Andréu, Aguilar & Co., Inc., a promissory note which copied literally says: (here the note is copied.)' Nowhere in said complaint is it alleged that the notes therein mentioned, or any of them, had been delivered by the defendants to the plaintiff. The eight causes of action are pleaded in exactly the same terms, with the same omissions and with the same defects. In other words, by omitting in all of them facts essential to the existence of a cause of action.

"It was so held by this Supreme Court in the case of Successors of Schlüter & Co. v. González, 34 P.R.R. 292, in conformity with section 80 of our Law of Evidence and the doctrine established in 3 R.C.L. 859 and 31 P.R.R. 856."

The appellee admits in its brief the insufficiency of the complaint, but alleges that the defect was cured by the answer, citing in support thereof the case of *Porto Rico Benevolent Society* v. *Municipality of Ponce et al.* 28 P.R.R. 773, which held that:

"Admissions contained in an answer supply any defect found in the complaint."

In effect, the third defense of the answer copied verbatim says:

"Second: That in the month of September, 1924, the plaintiff sold to the defendants a Studebaker automobile.

"Third: That in payment of said automobile the defendants signed in favor of the plaintiff eight promissory notes which are copied in the complaint.

"Fourth: That subsequently to the sale of said automobile the plaintiff and the defendants agreed that the former would give back to the latter the eight promissory notes copied in the complaint, and that the latter would deliver to the plaintiff said automobile together with five promissory notes for $30 each.

"Fifth: That in compliance with the agreement the defendants delivered to the plaintiff said automobile and required said plaintiff to deliver the eight promissory notes mentioned in the complaint and to accept the five promissory notes for $30 each already mentioned.

"Sixth: That the plaintiff, after getting possession of the aforesaid automobile, has refused to deliver the eight promissory notes copied in the complaint and accept the five promissory notes for $30 each to which reference has been made."

It will be seen from the third defense that the defendants expressly admitted having signed the notes sued on, and, as from the fourth and fifth defenses it is inferred in such clear and definite manner that they not only signed but delivered them to the plaintiff as the consideration of a real and positive transaction, we think that that constitutes an irrefutable admission of the existence of the fact that was lacking in the allegations of the complaint to complete the causes of action therein pleaded.

As the only error on which the appeal was based has been thus decided, the appeal must be dismissed and the judgment appealed from affirmed.